LUKENS LAW GROUP
WILLIAM M. LUKENS (SBN 037196)
JENNIFER L. JONAK (SBN 191323)
One Maritime Plaza, Suite 1600
San Francisco, CA 94111
Telephone: (415) 433-3000
Facsimile: (415) 781-1034

Attorneys for Plaintiff

ORIGINAL FILED

JUL 18 2008

E-filing

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM E. GUSTASHAW, JR., on his own behalf and on behalf of all others similarly situated,

Plaintiff,

v.

BAYERISCHE HYPO-UND VEREINSBANK AG, a corporation; HVB U.S. FINANCE, INC., a corporation; CHENERY ASSOCIATES, a general partnership; SUSSEX FINANCIAL ENTERPRISES, INC., a California corporation; and DOES ONE THROUGH TEN, inclusive;

Defendants.

Case No. CV 08 3479 RMW

HRL

NOTICE OF RELATED CASES PURSUANT TO CIVIL L.R. 3-12

Plaintiff William E. Gustashaw, Jr. hereby notifies the Court of the pendency in the Northern District of California, San Jose, before the Honorable James Ware, of two actions entitled *John C. Rezner v. Bayerische Hypo- und Vereinsbank, AG*, Case No. C-06-02064 JW and *Neal M. Douglas et ux. v. United States of America*, Case No. C-03-04518 JW. These actions are related cases pursuant to Local Rule 3-12, which deems actions to be "related" under circumstances where:

> **(1)** The actions concern substantially the same parties, property, transaction or event; and **(2)** It appears likely that there will be an unduly burdensome duplication of

NOTICE OF RELATED CASES

labor and expense or conflicting results if the cases are conducted before different Judges.

Both the *Douglas* and *Rezner* actions involve the same transaction or event as the one in this action: the CARDS Facility tax shelter that was sold to each of the taxpayers in each of these actions. As in this action, the *Rezner* action involves causes of action for violations of 18 U.S.C. 1962, fraud, and unfair business practices against Defendants Bayerische Hypo-Und Vereinsbank AG and HVB U.S. Finance, Inc. (f/k/a HVB Structured Finance) (collectively, "HVB") arising out of HVB's involvement in the promotion and sale of a CARDS Facility tax shelter to the Plaintiff taxpayer. HVB has admitted that its role in every CARDS Facility transaction in which it participated was substantially similar. The *Douglas* action concerns the legitimacy of tax benefits claimed from participation in the CARDS Facility tax shelter.

Consolidation of this case before the same judge will avoid the unduly burdensome duplication of labor and expense, as well as the possibility of conflicting results, if the cases were conducted before different judges. This action and the *Rezner* action will involve common questions of fact and law concerning HVB's conduct in selling CARDS Facility shelters to taxpayers, and all three actions will require the Court to determine if the underlying CARDS Facility shelter was legitimate for income tax purposes. To do so, it will be necessary for the Court and its staff to conduct substantial and exhaustive reviews and analysis of the CARDS Facility documents. These will include virtually identical closing binders of documents with thousands of pages of materials in each, with which the Court staffs and experts will need to become familiar in order to understand the nature of the transactions. The actions will also involve overlapping fact and expert discovery, overlapping witnesses, as well as the same or similar legal issues, including discovery matters. Some of these can be eliminated or narrowed based upon the Court's rulings if all three cases are before the same judge.

It will be inefficient and unduly time-consuming to have the staffs of two separate judicial departments conducting the same work, when two of these actions have already been assigned to the Honorable James Ware and deemed related cases for purposes of

NOTICE OF RELATED CASES
2

1  Civil L.R. 3-12 on these same grounds. Attached hereto as Exhibit A is a copy of the
2  Court's March 23, 2006 Order finding that the *Douglas* and *Rezner* cases are related cases
3  under Civil L.R. 3-12. On these grounds, Plaintiff respectfully submits that this action
4  should be assigned to the Honorable James Ware as a related case pursuant to Civil L.R.
5  3-12 in the interests of consistency and judicial economy.

7  Dated: July 18, 2008

                              LUKENS LAW GROUP
                              WILLIAM M. LUKENS (State Bar No. 037196)
                              JENNIFER L. JONAK (State Bar No. 191323)

                              By: _____
                              Attorneys for Plaintiff William Gustashaw, Jr.
                              and the Proposed Class

NOTICE OF RELATED CASES
3

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RELATED CASE ORDER

A Motion for Administrative Relief to Consider Whether Cases Should be Related or a *Sua Sponte* Judicial Referral for Purpose of Determining Relationship (Civil L.R. 3-12) has been filed. The time for filing an opposition or statement of support has passed. As the judge assigned to the earliest filed case below that bears my initials, I find that the more recently filed case(s) that I have initialed below are related to the case assigned to me, and such case(s) shall be reassigned to me. Any cases listed below that are not related to the case assigned to me are referred to the judge assigned to the next-earliest filed case for a related case determination.

C 03-04518 JW   Douglas et al v. United States Of America
I find that the above case is related to the case assigned to me.   X  *JW*

C 04-05357 JW   Jones v. Deutsche Bank AG, et al.
I find that the above case is related to the case assigned to me.   X  *JW*

C 06-02064 RMW   Rezner v. Bayerische Hypo-Und Vereinsbank AG et al
I find that the above case is related to the case assigned to me.   X  *JW*

ORDER

Counsel are instructed that all future filings in any reassigned case are to bear the initials of the newly assigned judge immediately after the case number. Any case management conference in any reassigned case will be rescheduled by the Court. The parties shall adjust the dates for the conference, disclosures and report required by FRCivP 16 and 26 accordingly. Unless otherwise ordered, any dates for hearing noticed motions are vacated and must be re-noticed by the moving party before the newly assigned judge; any deadlines set by the ADR Local Rules remain in effect; and any deadlines established in a case management order continue to govern, except dates for appearance in court, which will be rescheduled by the newly assigned judge.

-1-

Dated: March 23 2006  _____
                       Judge James Ware

Dated: _____  _____
                       Judge James Ware